UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE C. JONES, Beneficiary of
Mortgage Asset Management Series/Trust,

                        Plaintiff,

-against-

BANK OF NEW YORK MELLON TRUST
COMPANY, Trustee For Mortgage Asset
Management Series/Trust; KATHRYN P.
HEAVEN, in her official and individual
capacity; ANTHONY A. WINDS, in his
official and individual capacity,

                        Defendants.

23-CV-2104 (LTS)

ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently incarcerated in Fort Lauderdale, Florida, brings this *pro se* action asserting a claim for breach-of-contract under New York General Business Law § 349, and conspiracy and "deprivation of rights" claims under federal criminal statutes. By order dated April 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

      Plaintiff has filed motions seeking: (1) leave to file an amended complaint; and (2) a "Protective Order Over Asset of the Trust."[2] (ECF 7-11.) Plaintiff asserts that Defendant "Anthony Winds along with Broward Sheriffs Office has continued to harass the occupant and family of the Beneficiary by continued visits to the asset," and he seeks an order "prohibiting access or entry to plaintiff's property by defendant Anthony Winds and others." (ECF 11 at 2.)

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

[2] The Court quotes from Plaintiff's submissions verbatim. Unless otherwise indicated, all grammar, spelling, punctuation, and emphasis are as in the original.

## DISCUSSION

A.      **Motion to Amend the Complaint**

Plaintiff requests leave to submit an amended complaint (ECF 7). Under Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff may amend his complaint once as of right within a certain timeline. As Plaintiff's filing of an amended complaint is permitted under Rule 15(a), his request to amend is not necessary. The Court therefore denies the motion as moot. Should Plaintiff choose to amend his complaint, he may submit an amended complaint within 45 days of the date of this order.

B.      **Motion for a Protective Order**

The Court construes Plaintiff's motion for a "protective order" as requesting preliminary injunctive relief. To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

The Court finds that, at this stage of the action, Plaintiff has failed to show (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, the Court denies Plaintiff's request for an order to show cause without prejudice to renewal of the request at a later date.

## CONCLUSION

The Court denies Plaintiff's motion for leave to amend the complaint as unnecessary. Should Plaintiff choose to amend his complaint as provided by Fed. R. Civ. P. 15(a)(1), he may submit an amended complaint within 45 days of the date of this order. If Plaintiff does not file an amended complaint within 45 days of the date of this order, the Court will treat the original complaint as the operative pleading. The Court denies Plaintiff's request for a protective order without prejudice. All pending matters are terminated.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   May 24, 2023
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge