UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TYRONE C. JONES, Beneficiary of Mortgage Asset Management Series/Trust,

               Plaintiff,

-against-

BANK OF NEW YORK MELLON TRUST COMPANY, Trustee For Mortgage Asset Management Series/Trust; KATHRYN P. HEAVEN, in her official and individual capacity; ANTHONY A. WINDS, in his official and individual capacities,

               Defendants.

23-CV-2104 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is incarcerated in Florida, filed this *pro se* complaint on March 10, 2023. On April 17, 2023, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP").[1] By order dated May 24, 2023, the Court granted Plaintiff's motion to amend his complaint,[2] and denied Plaintiff's motion for a protective order. (ECF 12.) On May 30, 2023, Plaintiff submitted a letter motion seeking to: (1) depose Defendants and witnesses; and (2) subpoena an attorney on Staten Island. (ECF 13.)

        Because Plaintiff is proceeding IFP, the Court is required to screen the complaint for substantive sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on

---

[1] Plaintiff filed the complaint without paying the required fees or submitting an IFP application and prisoner authorization. The Court issued a deficiency order on March 14, 2023, and Plaintiff submitted the requisite documents on April 11, 2023.

[2] The Court directed Plaintiff to file the amended complaint within 45 days from the date of that order, and informed Plaintiff that if he failed to do so, the original complaint would be the operative pleading. (*Id.*)

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3). Federal courts also have inherent power to review a request for a subpoena in an IFP action. *See Marcus v. Howard*, No. 20-CV-316, 2021 WL 1163586, at *3 (W.D.N.Y. Mar. 25, 2021) (citing *Lloyd v. McKendree,* 749 F.2d 705, 707 (11th Cir. 1985)).

Moreover, discovery generally does not begin until the defendants are served and have filed a responsive pleading. *See Vance v. State of New York Dep't of Corr.*, No. 18-CV-0748, 2018 WL 6047828, at *12 (N.D.N.Y. Nov. 19, 2018); *Fox v. Poole*, No. 06-CV-0148, 2006 WL 2528535, at *2 (W.D.N.Y. Mar. 15, 2007) (noting that in cases exempt from the initial disclosure requirement of Rule 26(d) of the Federal Rules of Civil Procedure, such as those in which a prisoner proceeds *pro se*, discovery generally begins upon the filing of an answer). The Court only becomes involved in discovery if the parties cannot resolve a dispute.

Because this matter is still in its initial stage of litigation, and not in the discovery stage of litigation, Plaintiff's motion is premature, and the Court denies it without prejudice.

## CONCLUSION

The Court denies Plaintiff's motion for discovery and a subpoena (ECF 13) without prejudice. Plaintiff is directed to file an amended complaint in accordance with the May 24, 2023, order. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the Court will treat the original complaint as the operative pleading, review it for substantive sufficiency, and the matter will be proceed in accordance with the procedures of the Clerk's Office.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  June 6, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge