UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TYRONE C. JONES, Beneficiary of
Mortgage Asset Management Series/Trust,

                          Plaintiff,

-against-

BANK OF NEW YORK MELLON TRUST
COMPANY, Trustee For Mortgage Asset
Management Series/Trust,

                          Defendant.

23-CV-2104 (LTS)

ORDER TO AMEND

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Tyrone C. Jones, who is currently incarcerated in Fort Lauderdale, Florida, brings this *pro se* action invoking 42 U.S.C. § 1983, and New York General Business Law § 349. By order dated April 17, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

      The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Under this Act, the Court must dismiss a prisoner's complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

Plaintiff filed this amended complaint[2] stating that he is the "Beneficiary of Mortgage Asset Management Series One Trust," against Bank of New York Mellon Trust Company

---

[2] Plaintiff filed an amended complaint not in response to a court order.

("BONY/Mellon"), "as Trustee for Mortgage Asset Management Series One Trustee." The following facts are drawn from the amended complaint. (ECF 15 ¶ V.)[3]

> In January of 2021 the Plaintiff executed a medium of exchange contract transfer of $4.2 million dollars of corporate capital stock to Citi Financial Group (ie Citi Bank N.A.) in exchange for superior beneficial interest in the (note) secured under Mortgage Asset Management Series One Trust. In or about March 2021 Citi Group transferred to Bank of New York Mellon Trust Company solely in the compacity as a trustee the interest in the trust "Mortgage Asset Management Series One Trust to service the asset of the trust, i.e. "1621 Seabreeze blvd, Fort Lauderdale. In July of 2021 since title to the asset was transferred to the trustee without Plaintiff's knowledge or concent as beneficiary of the trust, breached the fiduciary duty to the Plaintiff and violated the contract under New York General Business Code 349.
>
> When Plaintiff traveled to the state of Florida to inspect the assest, Plaintiff was surprised to learn the asset was occupied by the family and or estate representative of the former borrower. The estate representative and Plaintiff engaged in a legal action in which the former borrower's estate conceeded to Plaintiff's action and Plaintiff was awarded a judgment quieting title in Plaintiff favor and a land ejectment order.
>
> The order was in addition to Plaintiff's beneficial interest in the note covered under the Florida foreclosure action. Once Plaintiff gained control of the asset covered under the trust an action was brought to the court in Florida to attempt to void the Plaintiff interest gained by the judgment against the estate in whole to void out the Beneficial Interest under the contract executed under the laws of New York State, by a firm stating they represented the trustee, However when the alleged representative appeared before the Florida court, it stated that it was Ocwen Servicing.
>
> It was discovered during that hearing that another transfer took place in violation of the original contract executed under the laws of New York State and the deception and/or deceptive practices of the trustee by multiply transferring the asset without the Plaintiff concent violated all the terms governed under the intial contract transfer of the private medium of exchange equity ie "corporate capital stock."
>
> Ocwen Servicing as the knew servicer then continued to try and remove the Plaintiff in the Florida courts under the name of the trustee although such attempts were unsuccessful. The mental, emotional and legal issues caused the depreation of the plaintiff operating capital and business income and the Trustee still holds

---

[3] The Court quotes from the amended complaint verbatim. All spelling, grammar, and punctuation are as in the original, unless noted otherwise.

> the Plaintiff's private corporate capital stock as the medium of exchange under the transaction.
>
> Plaintiff notified the trustee and was assured that the issues were under control, Plaintiff was later placed in a position to pay undue legal expenses and litigation cost that were upward of nearly $150,000.00 dollars. Plaintiff feels that judicial entervention is necessary in the fourm court hwerein the contract was executed and selected as a means of resolution under said contract.

(*Id.* ¶ V.)

Plaintiff asserts that Defendant violated his constitutional rights and committed "breach of contract" in violation of New York General Business Law § 349. (*Id.* ¶ I.)

In the "Injuries" section of the complaint, Plaintiff claims to have

> Sustained financial losses of $750,000 dollars in loss of business operations for a period of seven months, losses of $4.2 million dollars in corporate equity which do to the ongoing legal issues devalued the company's over all worth and cause mental and emotional suffering and stress on Plaintiff for losses of rights by the constitution in the conspiracy to breach the contract and do the defendant's deceptive practices.

(*Id.* at 6.)

Plaintiff seeks damages of $2.9 million dollars and an order "awarding Plaintiff total ownership of the note and asset attached thereto." (*Id.* ¶ VI.)

## DISCUSSION

**A.     Subject Matter Jurisdiction**

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Comm. Union, Loc. 919, AFL-CIO v. CenterMark Prop.*

4

*Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative[.]").

    1.    Federal question jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)). Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A claim for relief under Section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the

Government, not private parties.") As Defendant BONY/Mellon is a private entity that is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this Defendant under Section 1983. Moreover, there are no allegations in the complaint that appear to implicate any other federal cause of action. Accordingly, Plaintiff has failed to allege facts showing that the Court has federal question jurisdiction of his claims.

2. Diversity of citizenship jurisdiction

Plaintiff does not allege facts demonstrating that the Court has diversity jurisdiction of this action either. To establish diversity jurisdiction, a plaintiff must first show that he and the defendants are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is complete, *i.e.,* only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where a person "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.* There is a rebuttable presumption that a prisoner retains his pre-incarceration domicile. *Blumatte v. Quinn*, 521 F. Supp. 2d 308, 312 n.3 (S.D.N.Y. 2007); *see Housand v. Heiman*, 594 F.2d 923, 925 n. 5 (2d Cir. 1979). A plaintiff must also allege to a "reasonable probability" that the claims are in excess of the sum or value of $75,000, the statutory jurisdictional amount. *See* § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Plaintiff alleges that the amount in controversy exceeds $75,000, but he fails to allege facts demonstrating that complete diversity of citizenship exists. Plaintiff alleges only that

BONY/Mellon is a citizen of New York. Although Plaintiff is currently incarcerated in Florida, he does not provide any facts regarding his pre-incarceration citizenship, which he retains unless he sets forth facts indicating otherwise. The Court grants Plaintiff leave to provide facts in an amended pleading showing that there is complete diversity of citizenship between the parties.

**B.      State law claims**

In addition to showing that the Court has diversity jurisdiction of this action, Plaintiff must also plead facts sufficient to state a claim under state law. Any claims brought under diversity jurisdiction must comply with Rule 8. *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (holding that Rule 8 governs the pleading standard "in all civil actions and proceedings in the United States district courts").

Plaintiff asserts a claim under Sections 349 of the New York General Business Law. To state a claim under that statute, a plaintiff must allege facts suggesting that "a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice[.]" *City of New York v. Smokes-Spirits.Com, Inc.*, 12 N.Y.3d 616, 621 (2009) (citation omitted). Damages for false advertising are limited to a maximum of $1,000, *see* N.Y. Gen. Bus. Law § 349(h), and damages for false advertising and fraudulent inducement are limited to actual damages or $10,000, whichever is greater, *see* N.Y. Gen. Bus. Law § 350-e(3). *See also Kruglov v. Copart of Connecticut, Inc.*, 771 F. App'x 117, 120 (2d Cir. 2019). Plaintiff provides no facts suggesting that he can state a claim of either false advertising or fraudulent inducement. Moreover, even if he could recover, at most, $10,000, which is well below the jurisdictional amount of $75,000.

Plaintiff also purports to bring a breach of contract claim. To adequately plead a breach of contract claim, a plaintiff must allege: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4)

damages. *Dukes v. New York City Emps.' Ret. Sys.*, 361 F. Supp. 3d 358, 371 (S.D.N.Y. 2019) (citing *Harsco Corp. v. Segui*, 91 F.3d 337, 348 (2d Cir. 1996)).

In summary, Plaintiff alleges that he entered into an agreement with Citi Financial Group ("Citi"); that Citi transferred funds to BONY/Mellon as the trustee of the trust to purchase the property; that, when Plaintiff went to inspect the property, he found that it was occupied; and that the asset was later transferred to Ocwen Servicing ("Ocwen"). The sole defendant in this matter is BONY/Mellon, and the facts alleged do not give rise to an inference that there was a contract between Plaintiff and BONY/Mellon or that a specific contractual term was breached. *See, e.g., Ezeiruaku v. Am. Express Co.*, No. 20-CV-4004, 2020 WL 6135794, at *4 (S.D.N.Y. Oct. 19, 2020) ("Plaintiff has not pleaded the existence of a contract or identified the contractual language allegedly breached within said contract.") Moreover, even if Plaintiff were to add as a defendant Citi or Ocwen, or both, Plaintiff does not identify the exact nature of the contract or the contractual term that was breached or otherwise violated. For these reasons, the Court finds that Plaintiff's amended complaint does not state a breach of contract claim.[4]

---

[4] It appears that in 2021, Plaintiff filed a lawsuit in the 17th Judicial Circuit Court in Broward County Florida, seeking to quiet title to the Seabreeze Blvd. property at issue in this case. *See Jones v. Estate of Robert G. Biz*, No. 21-0007376. The disposition of that matter is not clear. In addition, Plaintiff is incarcerated on criminal charges of grand theft in the first degree, burglary of an unoccupied dwelling; criminal use of personal identification, and unlawful filing of false documents, in connection with the same Seabreeze Blvd. property at issue in this case, and other Florida properties. *See Jones v. State of Florida*, Case No. 23-CV-61361 (S.D. Fla July 28, 2023) (denying *habeas corpus* petition, filed under 28 U.S.C. § 2254, without prejudice, under *Younger v. Harris*, 401 U.S. 37 (1971)). *See Anderson v. Rochester–Genesee Reg'l Transp. Auth.,* 337 F.3d 201, 205 n.4 (2d Cir. 2003)) (noting that courts may consider matters that are subject to judicial notice, including court records.) If Plaintiff is asserting claims that challenge final judgments of the state courts, the *Rooker-Feldman* doctrine may preclude those claims. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). And if this action requires this Court's intervention in ongoing state-court litigation, the *Younger* abstention doctrine, as well as the Anti-Injunction Act, may preclude those claims. *See* 28 U.S.C. § 2283; *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013).

C.     **Leave to amend**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In an abundance of caution, the Court grants Plaintiff 60 days' leave to file a second amended complaint to show that the Court has subject matter jurisdiction of this mater and to detail his state law claims.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as a "Second Amended Complaint," and label the document with docket number 23-CV-2014 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, this action will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 27, 2023
         New York, New York

                                           /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                         Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

**SECOND AMENDED
COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 1/9/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

**1. Citizenship of the parties**

Of what State is each party a citizen?

The plaintiff, _____, is a citizen of the State of
  (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
             (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____
First Name                    Middle Initial            Last Name

_____
Street Address

_____
County, City                                State                     Zip Code

_____
Telephone Number                            Email Address (if available)

B.  **Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____
First Name                             Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                 State              Zip Code

Defendant 2: _____
First Name                             Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                 State              Zip Code

Defendant 3: _____
First Name                             Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                 State              Zip Code

Defendant 4:

| First Name | Last Name |

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

| County, City | State | Zip Code |

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes    ☐ No

  If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.



United States District Court
Southern District of New York

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

**Civil case(s) filed in the Southern District of New York:**

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007